UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS GILCHRIST, Booking # 16179894, <br><br> Plaintiff, <br><br> vs. <br><br> ALFRED JOSHUA; BERKMAN; MARTINEZ; TONG; SANTOS; EVANGELISTA; PREVOST; GORE, <br><br> Defendants. | Case No.: 3:17-cv-0494-LAB-MDD <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; AND** <br><br> **2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff, Morris B. Gilchrist, is currently housed at the San Diego Central Jail ("SDCJ"). He has filed a Complaint pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis ("IFP") (Doc. Nos. 16). Because Plaintiff's motion to proceed IFP complies with 28 U.S.C. § 1915(a)(2), the Court grants him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a), but dismisses his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

///

///

///

A.  **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," Bruce v. Samuels, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); Bruce, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

In support of his IFP motion, Plaintiff has submitted a prison certificate which has been completed by an administrative lieutenant with the San Diego County Sheriff's Department. See Doc. No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; Andrews, 398 F.3d at 1119. This statement shows that Plaintiff's current available balance in his trust account is $0.13 (Doc. No. 2 at 5), and it appears Plaintiff is unable to pay any initial fee at this time. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [a] initial partial filing fee."); Bruce, 136 S. Ct. at 630; Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP, declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," Bruce, 136 S. Ct. at 629, and directs the Watch Commander at SDCJ to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). See id.

**B.  Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**C.      42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

/ / /

### 1. Plaintiff's Allegations

Plaintiff is currently housed at the SDCJ. (See Compl. at 1.) Plaintiff claims that he suffers from a "torn rotator cuff" and has sought medical treatment from various SDCJ medical personnel. (Id. at 4-6.) Plaintiff further claims that he has been refused treatment by several individuals in violation of his Eighth and Fourteenth Amendment rights. (Id.) Plaintiff seeks to have his torn rotator cuff "surgically repaired," along with compensatory and punitive damages. (Id. at 8.)

### 2. Inadequate Medical Care

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying Estelle's Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff alleges that he suffers from a "torn rotator cuff." (Compl. at 6.) For the purposes of this stage of the screening process, the Court will view Plaintiff's facts in the light most favorable to him and find that he has alleged that his medical needs were objectively serious. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGucki*n*, 974 F.3d at 1059-60.

///

5

3:17-cv-0494-LAB-MDD

However, even assuming Plaintiff's medical condition is "objectively serious," nothing in his Complaint supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. Iqbal, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Here, Plaintiff has named as Defendants Tong, Santos, Evangelista, Provost and Gore as Defendants but he fails to identify in any way what these Defendants are alleged to have done, or not done, with respect to his medical care. He must provide specific factual allegations as to how these individuals were "deliberately indifferent" to his serious medical needs.

In addition, Plaintiff is seeking surgery for his medical needs. However, a difference of opinion between a pretrial detainee and the doctors at the Jail as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, see Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Without more, Plaintiff's Complaint currently amounts only to "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any constitutionally inadequate medical care claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

### 3. Vicarious Liability

Finally, as to Defendant Bill Gore, Plaintiff's complaint also fails to state a claim upon which § 1983 relief can be granted, because it contains no individualized factual allegations of wrongdoing by this Defendant.

"Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff's Complaint, however, contains no further "factual enhancement" to describe what these defendants did, or failed to do in connection with the claims in his complaint. Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Defendant Gore may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his Complaint fails to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678.

### 4. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. See Lopez, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). While the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order.

///

///

**D.   Conclusion and Orders**

Based on the forgoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Watch Commander at the SDCJ, or his or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

5. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: April 20, 2017

*[signature]*
Hon. Larry Alan Burns
United States District Judge