UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS GILCHRIST, Booking # 16179894,<br><br>                              Plaintiff,<br><br>vs.<br><br>ALFRED JOSHUA; BERKMAN; MARTINEZ; TONG; SANTOS; EVANGELISTA; PREVOST; GORE,<br><br>                             Defendants. | Case No.: 3:17-cv-0494-LAB-MDD<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

## I. Procedural History

Plaintiff, Morris B. Gilchrist, is currently housed at the San Diego Central Jail ("SDCJ"). On March 9, 2017, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a), but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 3.)

/ / /

However, Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (Id. at 8.) In addition, the Court informed Plaintiff that any "[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived." (Id., citing S.D. Cal. CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).)

On May 4, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 4.) In his FAC, Plaintiff no longer names Defendants Martinez, Tong, Santos, Evangelista, Prevost, and Gore in this action. (See FAC at 1-2.) Accordingly, Defendants Martinez, Tong, Santos, Evangelista, Prevost, and Gore are DISMISSED from this action. The Clerk of Court is directed to terminate these Defendants from the Court's docket.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

As the Court previously informed Plaintiff, because he is currently incarcerated and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668

F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### A. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

### B. Plaintiff's Allegations

Plaintiff is currently housed in the SDJC. (See FAC at 1.) Plaintiff claims that he suffers from "severely torn tendons" in his "right shoulder rotator cuff." (Id. at 7.) Plaintiff further claims that Defendant Alfred Joshua, SDCJ Chief Medical Officer, and Defendant Berkman, SDCJ Supervising Medical Officer, "refused to provide" Plaintiff with "medical relief." (Id. at 8.) Specifically, Plaintiff argues that his injury requires

surgery and claims his "primary Veteran Administration Physician" indicated that his injury would "become even more 'serious'" if left "untreated." (Id. at 9.) Plaintiff acknowledges that the three physicians have "very different medical opinions." (Id. at 10.)

### C. Inadequate Medical Care

It is not clear whether Plaintiff is a pretrial detainee. The rights of pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause, but the Court uses the standards for Eighth Amendment claims regarding allegations of pretrial detainees' conditions of confinement claims. Simmons v. Navajo County, 609 F.3d 1011, 1017-16 (9th Cir. 2010). Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying Estelle's Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff alleges that he suffers from "severely torn tendons" in his "right shoulder rotator cuff." (FAC at 7.) For the purposes of this stage of the screening process, the Court will view Plaintiff's facts in the light most favorable to him and find that he has alleged that his medical needs were objectively serious. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104); Iqbal, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570).

///
///
///

The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.3d at 1059-60.

However, even assuming Plaintiff's medical condition is "objectively serious," nothing in his FAC supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. Iqbal, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff alleges that he has seen different physicians who do not agree as to the proper course of care for his medical need. However, a difference of opinion between a pretrial detainee and the doctors at the Jail as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, see Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). While he appears to allege that they have denied his request for surgery, Plaintiff does not allege that he was denied all forms of medical treatment as it relates to his shoulder injury.

///

Thus, Plaintiff has merely alleged a difference of opinion regarding his need for medical care, and has not alleged that Defendants acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety." Farmer, 511 U.S. at 837; Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557; Simmons, 609 F.3d at 1019 (claims of medical malpractice, negligence or a difference of opinion concerning the course of treatment are insufficient to establish a constitutional deprivation).

In addition, Plaintiff claims that he has received no treatment for his post-traumatic stress disorder. (See FAC at 14.) However, there are no other factual allegations regarding these claims and Plaintiff does not identify any particular individual as being responsible for allegedly failing to provide him with treatment. If Plaintiff wishes to proceed with a claim for deliberate indifference to his serious medical needs based on a failure to provide care for his medical conditions, he must not rely on conclusory allegations, but must allege facts which show that the Defendants knew of and deliberately disregarded his serious medical needs. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557; Farmer, 511 U.S. at 837.

Without more, the Court finds Plaintiff's FAC currently amounts only to "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any constitutionally inadequate medical care claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

**4. Leave to Amend**

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. See Lopez, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). While the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order.

### III. Conclusion and Orders

Based on the forgoing, the Court:

1. **DISMISSES** Defendants Martinez, Tong, Santos, Evangelista, Prevost and Gore from this action. The Clerk of Court is directed to terminate these Defendants from the docket.

2. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

3. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: May 16, 2017

Hon. Larry Alan Burns
United States District Judge